We will hear argument next in number 2010-5142, Trusted Integration against the United States. Mr. Bonilla, I thought all those people were here to hear you. No, they had filtered out. I'm amazed why I did. Anyway, we're here on the issue of whether Section 1500 precludes jurisdiction. And what we have here is distinct and material facts that were alleged in the Court of Federal Claims complaint that make it unique and different from the District Court complaint such that Section 1500 does not apply. And at the very least, the count two in the Court of Federal Claims complaint, which is the breach of the software license agreement, that count must remain. Well, let's talk first about the other two counts. Yes. Because there it seems to me you have more of the laboring or perhaps than you do on count two. I would agree. That's true, Your Honor. I think the distinction with count one, which is the oral or implied-in-fact breach of contract, and then count three, which is the breach of duty of good faith and fair dealing, that those are premised on the existence of an oral or implied-in-fact contract between Trusted Integration and the Department of Justice. But the contract there has nothing to do with the licensing agreement. The implied contract that you're talking about is an implied contract to use the Trusted Integration data and product in the future evolution of this process, right? No. I thought the implied-in-fact contract is the idea that they proposed with your product but then moved forward without your product. Correct. That basically what was going to happen was DOJ's center of excellence offering was going to be, as a centerpiece, the Trusted Agent product along with some, we'll say, extra things that DOJ would also supply. That was what was going to be offered to the other agencies. Aren't those exactly the same operative facts, though, that support your joint venture claim in the district court? I think the distinction in the district court with the breach of fiduciary duty claim was that there was simply a joint venture. I think legally there was a distinction between an implied-in-fact or oral agreement that this is what we're going to do as a combined effort as opposed to what we pled in the district court complaint. But that's just a different legal theory, right, as opposed to different operative facts. Well, I think from a factual standpoint there can be a distinction where I would agree with someone else to let's do this together. Let's form a contract, a bond. This is what we're going to do as opposed to a joint venture. Let's together go and offer this to potential customers, that there's a distinction, I think, a factual distinction and a legal distinction between a contract and a joint venture. Well, there could be a factual distinction, but the way you've pleaded the case, I don't see it. Where's the distinction in the way that the factual allegations lay out the basis for the two legal theories, the one in the Court of Federal Claims and the other in the district court? I believe in the district court there's the mention of a joint venture. Well, yes, but isn't that, again, the legal conclusion that one draws from the pleaded facts? The facts look very similar. In fact, a significant portion of both complaints have identical factual allegations, right? That is correct. So I'm having a hard time finding a place to point to in the factual allegations where I would say, ah, that's where the joint venture, that's the predicate for the joint venture theory that doesn't establish the implied agreement. I think it's a difficult argument, Your Honor, but I think it's there. In addition, I would say, even if you were to conclude there's no factual distinction based upon that, I think if you took the factual distinction in the Court of Federal Claims case where we've pled how essentially DOJ stole our technology and breached the software license agreement, that that factual distinction in the Court of Federal Claims then creates the… But you're better. You've now gone back to count two. Right, but creates the overall distinction because we have this… The law is whether the claim is the same. If we have distinct material facts in the Court of Federal Claims, I think that that in and of itself, even if we've got some duplicative facts on, let's say, count one and count three in the Court of Federal Claims and in the district court, the fact that we've got specific unique allegations in the Court of Federal Claims, that that can create a distinction such as not the same claim. Are you saying that because you believe you've pled different operative facts with respect to one count, that that bleeds over to the other counts and therefore allows them to stand under 50 percent? That's one of our arguments, that that would be the case. You started with count one. Count three looks like it's even a tougher call for you to… I would agree. I'm really having a hard time teasing those two apart. Do you have an argument? I think it's the same thing that I've raised, Your Honor. I think our best argument is, again, the fact that we've pled something unique, that that would then create a distinction. Could I ask you, before we get any farther, something that puzzles me and maybe you have an answer or maybe you're puzzled as well, but the disposition in this case was dismissal without prejudice. Now, do you understand the trial judge to have contemplated that you could replead this case, and if so, in what court and in what form? I saw that, but I didn't understand what the distinction necessarily was of why it was without prejudice. Well, isn't dismissal for lack of jurisdiction always without prejudice? That's what I concluded. Well, in other words, if you can find a court somewhere, good luck. All that this court is saying is don't come back here. Where I'm trying to go with this is, is this judge saying you're out of here not only in this case, given the sequence of events where she looked to what the sequence of the pleading before the district court and so forth, but you can't come back now that the facts have changed with respect to what's going on in the district. That's not your understanding. I take it, right? I don't. You're done in the court of federal claims. If you can find a district, some state court somewhere where you can avoid sovereign immunity claims against the United States, so be it, but you're done in the court of federal claims. That's your understanding, correct? Before you answer, why? I mean, why would you be done? Why can't you refile? Once the district court has dismissed, I mean, your problem is timing. You filed in the court of federal claims while the district court suit was still pending, but now it's been fully dismissed. No, the district court, there's still a count. The landmark count still remains. Imagine it was fully dismissed. Let's just imagine it was fully dismissed, okay? Couldn't you then refile in the court of federal claims and 1500 would no longer be a bar to you if that were the case? If it was fully dismissed and we had not yet filed it. No, no, no. If it's fully dismissed and the statute of limitations hasn't run, you could go back to the court of federal claims. Yeah, why can't you refile? You were dismissed without prejudice. Why can't you refile? And you haven't actually. You know, your time has not yet expired. Why can't you refile in the court of federal claims now that those analogous district court counts have been dismissed? I realize you still have one pending, but the ones that were really troubling, the ones that had the greatest, clearest overlap, why can't you now go back and refile? I would assume the government's position would be you still have to evaluate. If we were to file again in the court of federal claims, the argument would be you have to look back to the time that that complaint, the initial complaint in the district court was still filed. And even though you have. No, but it's no longer pending. You still have the Lanham Act. So they would look then. You've got the Lanham Act claim still going on. And then at the time that that complaint was filed, you had your other two claims. So if you were to voluntarily dismiss the Lanham Act claim in order to try this second shot at the court of federal claims, I guess the answer that you're suggesting is you're not certain how that would play out in the court of federal claims. No, I'm not certain. You don't want to take your chances by dismissing this appeal and going into the court of federal claims. Correct. Not at this time. Why don't you get to count two because you were eager to get to that. I'd like to hear your arguments on count two. I think that one at the very least should be allowed to go forward. There's unique and distinct facts with respect to the breach of the software license agreement. And where that's set forth explicitly is we refer to it in paragraphs 16 and 17 of the court of federal claims complaint. Those are the applicable terms of the software license agreement that were breached by DOJ's actions. And then the specific facts that relate to that are set forth in paragraphs 56 through 59, which in paragraph 56 we talk about how DOJ improperly accessed the trusted agent Oracle database without permission. Paragraph 57 was how DOJ copied. Wait, paragraph 56 is count one, isn't it? Am I getting it mixed up? In the court of federal claims. I am getting it mixed up. Yeah, I was looking at the wrong complaint. And then in paragraph 57 we talk about how DOJ copied trusted integration, trusted agent product validation and artifact tracking. Paragraph 58, how DOJ copied trusted agent's inheritance format. And paragraph 59 is how DOJ copied trusted agent's MyTask functionality. And again, those are not mentioned whatsoever in the district court complaint. How do you then characterize the other surrounding facts? I mean, clearly you are alleging that they breached the license agreement, but you're also, in order to get there, you're also describing the purposes for which they breached the license agreement, which are essentially the identical facts that you applied in the district court. I don't believe that's the case. We could have filed a claim in the court of federal claims that would simply have consisted of your typical initial allegations, paragraph 16, 17, paragraphs 56 through 59, and then had pled what we pled in count two. That's all we needed to establish that there's a breach of that software license agreement. We didn't need to get into any of the other facts. Well, let me see if I understand the theory of the license breach here. I mean, you would have been delighted if they had continued to use trusted agent as a component of their submission to OMB. Was it OMB? It was. There's a selection panel. Okay, the selection panel. OMB. So that would have been consistent, I take it, with your desires and with your understanding of the license agreement terms, right? What it was was they had a license agreement so that internally they could use our product with some limitation. Right. As long as they continued to use your product and cooperate with you in the preparation of their product, that was fine, right? Well, as long as when we joined forces to go market this to other agencies, we wanted to make sure that they were acting appropriately, that we were going to be part of the external solution so the agencies would see this is trusted agent that's teaming with DOJ. Okay, understood. When they got off track, as far as you're concerned, is with respect to the breach of license agreement, which is what's alleged in 69B, which is using trusted agent product to develop a competing product, which competing product, of course, didn't then incorporate trusted agent. But that's sort of the crux of your license breach, isn't it? Well, no, because it could also extend to the fact of their improper internal use. What they can do with our license agreement, in which they did, they said the contract is done. We're not going to use trusted agent anymore for anything. Right. But then internally, they continue, DOJ, because they have FISMA reporting obligations, they continue to use our product not for external purposes as part of the center of excellence offering, but for their own internal use. That's what they did because they were copying our thing. Copying in the course of producing their own competing product, right? Not only a competing product, but just their internal product that they use. So the claim can go to a couple ways. One is internally, they don't have the rights to use our product anymore after they terminate our license agreement. Not, again, for external things, which is what all of the other counts go to, but that they can use it internally for themselves to comply with their FISMA reporting obligations. But then it also, again, goes to how they develop their competing product, we believe, because, again, they essentially stole our technology and incorporated that in, and that gets into the specific breach of the license agreement. If you notice in the ruling by the Court of Federal Claims, I think they kind of missed the software license agreement breach, and their thought was, well, you're complaining about the wrongful conduct by DOJ, but the wrongful conduct was it's actually the breach of the license agreement by these particular acts, but also, and in addition to that, is the fact that we had an agreement to work together to offer this, when, in fact, DOJ said, you know what? Trusted agent's out. We're going with our own. Okay. You're well into your rebuttal time. Would you like to save the room? I would, yes. We'll give you an extra two minutes to think about your questions. Mr. Sweeney. I take it that your understanding of the consequences of the dismissal without prejudice is that all that means is that if they can find a court somewhere, fine, but not the Court of Federal Claims? Yes, Your Honor. You don't think they can refile in the Court of Federal Claims? I don't, and the reason is because I do believe there are statute of limitations issues at this point. Well, let's set statute of limitations aside. I thought that the events here occurred in 2007. It is brought pursuant to the CDA, and they filed a claim with the contracting officer over a year ago. All right. Well, let's assume away for the moment statute of limitations problems. As far as the consequence of the sequence of events that occurred here, does the fact that the filing in the district court conflicting claims have been dismissed affect their ability to go back into the Court of Federal Claims or any plaintiff's ability in this setting to go back into the Court of Federal Claims? I think that is a disputable issue that actually is on appeal in Tohono to the Supreme Court. Oh, is that issue with respect to, well, okay, go ahead. Yes, we have raised in Tohono. I don't understand that to be an issue in that case, but perhaps so. Pardon me. What the issue was, was the central issue is about whether the damages have to be the same. Right. But in Tohono, they did raise the point that this issue of the time, and we have raised that. That was raised in the briefs? That it was raised in the briefs. In Tohono? Yes, Your Honor. Oh, okay. But under Tohono, this Court's decision in Tohono, the timing would impact whether or not they could proceed in the Court of Federal Claims. Okay. This case involves precisely the type of claims that section, claims splitting that Section 1500 is designed to protect the government against. In acting Section 1500. Why don't you jump straight to count two, the licensing agreement issue, and tell us how that has, involves the same operative facts as all of the district court issues. Certainly, Your Honor. The district court complaint also alleges that there was a license agreement. Now, trust integration argues that it did not base any of its district court causes of action on an alleged breach of that license agreement. But all that shows is that trust integration made its district court complaint sound in tort and not in contract, which under this Court's decision in Johns Mansfield. No, but none of the heart of their complaints in the district court are the same as this breach of license. This breach of license isn't you replaced our product with a competing product. This breach of license, as I understand it, is you misused our trade secret. You misused it for lots of purposes. You continued to use it internally beyond our agreement. You also misused it because you also used information you weren't allowed to to develop a competing product. But the issue isn't your moving forward on your own without them. The issue is your use of their product. Your Honor, first of all, there is no allegation about us continuing to use it internally. Their entire allegations in the Court of Federal Claims Complaint are based on the wrongful use of trusted agent to develop our competing software. But in any event, they are integral in the sense that they're part of the same conduct. The way that trust integration says we developed our competing product was by allegedly wrongfully accessing trusted agent. In that context, you're saying that if there's any fact that ties things together, then we don't care if certain facts are legally operative for a particular cause of action and not legally operative for another. Well, I think the term legally operative goes to the characterization of the facts to satisfy an element. What is important for Section 1500 is whether the conduct is the same. And to use an analogy, the original case that these were designed for were these cotton claims. And what Congress cared about was the bale of cotton the same. By analogy, what they care about here is is the conduct the same. In both cases, the conduct is our development and offering of the competing software. But in this case, the license agreement can be breached without there being any other cause of action that could arise from those particular facts. Isn't that true? Hypothetically, that may be possible, but that's not what happened in this case. And that's not the allegations in this case. And indeed, the license agreement goes to their breach of fiduciary duty cause of action in their district court complaint. Their district court complaint says that we allegedly breached – that our fiduciary duty arose from the relationship between the parties. The allegation that we had a license agreement in part defined that relationship and gave rise to that relationship. Does it say that in their complaint? Your Honor, the allegation that there was a license agreement is under the heading that it is an event forming the basis. But I'm looking at the count for breach of fiduciary duty, and I don't see any mention of the licensing agreement at all in terms of the breach of fiduciary duty. There's no mention of what that relationship is based on at all, Your Honor. It doesn't say it's based on an oral agreement. It doesn't say it's based on any activity. GOJ owed trusted integration of fiduciary duty based upon their relationship. Correct. So it says that it's based upon the relationship. And then it goes on to say breached – breached the fiduciary duty by the following things, none of which mention the licensing agreement. So the breach of the relationship was to – on page 848, if that helps you. Yes, thank you. Well, first of all, Your Honor, it does not say what that relationship is based on. It doesn't say it was based on an applied contract. It can't be based on a written contract because you can't have a breach of fiduciary duty based on a breach of written contract. And that's precisely why the district court dismissed the breach of fiduciary duty cause of action, Your Honor, because it found that the relationship was – the only basis for the relationship was the contract. Well, the district court – I mean, putting aside the whole issue of platero-estoppel, what the district court said is that I'm dismissing this because your breach of fiduciary duty claim arises from the same facts as your claim for an oral contract. Correct. But specifically differentiated the license agreement and said the license agreement's not at play in this complaint. Well, it said – it appears that the relationship's based on that contract. And the key to that holding was that it was based on the contracts, which, as Your Honor noted, can't be the basis for fiduciary duty. That reasoning applies – But the district court specifically said the license agreement, that there was no breach of the license agreement that was alleged in the complaint. Right. And all that establishes is that they didn't bring a breach of license agreement contract cause of action. It establishes that they made it sound in tort instead of contract. And, again, if I can return briefly to your question – I just – I'm sorry. I'm not sure I understood your answer there. What sounded in tort? The district court breach of fiduciary duty cause of action. And they didn't bring a breach of contract. They didn't bring a breach of license agreement contract cause of action in the district court. But, I mean, you say that – are you saying that they effectively alleged a tort, but it's a tort that – well, I'm – What I'm trying to say, Your Honor, is they took the same conduct – Right. And they made it sound like a tort for the district court cause of action. And they made it sound like a breach of contract for the Court of Federal Claims action. And that's precisely what Section 15 of the Justice Act – But you're saying, in effect, that they were really predicating their tort allegation on a contract breach. No. They're basing it on an agreement. On an agreement. Or at least the development of this fiduciary duty, you say, was predicated on the contract, notwithstanding that there's a problem with that theory. Correct. In this – I understand. But paragraph 23 of the complaint in the district court says that it is based on a joint venture. It's joined in a business enterprise to generate a profit. It's a joint venture agreement that they're alleging. That has nothing to do with the license agreement. The license agreement could be out there and have nothing to do with the fact that they decided to go a different route and not use trusted immigration or trusted agents. And that characterization of it as a joint venture, again, that's just tailoring the facts to their legal theory. The district court found that there were no other facts besides the contract that – Which – The oral contract. And, counsel, that very same portion of the district court opinion that Judge O'Malley has been pointing you to says, moreover – the district court – moreover, plaintiff's opposition brief argues that the source of its rights are not contractual and that it entered into a joint venture with defendants separate from a contract. And that's the section talking about the licensing agreement and that none of their claims involve a licensing agreement. The district court is making it crystal clear that he does not view their opposition brief as arguing that any of this has any basis in contract. It's totally different from that contract. I believe that the court's addressing the Lanham Act's cause of action in that case. And the court found that the Lanham Act's cause of action was not contractual in nature. And, therefore, that's the reason that the district court allowed it to stand. Then when the district court gets to addressing the – You think the licensing agreement is the same thing as the Lanham Act claim or – No, no, I said that's why. I believe this section you're citing – Okay, well, here's the first sentence. Though plaintiff's complaint before the DOJ procurement services alleges breach of its licensing agreement, parentheses, CDA claim at 5 to 6, plaintiff makes no such claim here. Moreover, plaintiff's opposition brief argues that the source of its rights are not contractual and that it entered into a joint venture with defendants separate from a contract. I understood the moreover to be an additional characterization of the previous sentence. Am I misinterpreting this? Two things on that, Your Honor. First of all, that entire discussion is in the Lanham Act section. The court is addressing whether or not the Lanham Act cause of action sounds in tort or contract legal theory there. Then in the later section, it addresses whether or not the breach of fiduciary duty cause of action sounds in contract or tort. We agree the Lanham Act cause of action is not based on the license agreement. The other thing is all the court is saying there is that trusted integration did not bring a breach of license agreement legal theory here, which under John's Manfield is irrelevant to the issue in this case. But it's more than that. It says they don't even argue that the source of the rights are contractual. I think that's only for the Lanham Act section, Your Honor, because clearly when they're addressing the breach of fiduciary duty, the court concludes that the nature of the fiduciary duty, in fact, is contractual in nature. And if I can get back to your point on the alleged breach of the fiduciary duty, one of the ways that they allege that we breached the fiduciary duty was by allegedly wrongfully developing and offering competing security software. The alleged oral agreement that we would include trusted agent in our center of excellence offering alone would not impose a duty not to develop or offer in competing security software. The district court complaint does not allege that we agreed to only offer and use trusted agent. Therefore, we were not prohibited by that oral agreement from including trusted agent in our center of excellence offering. Don't you think there's a difference between the fact that you developed and offered a competing product and the way in which you developed a competing product? I think it's all part of the same conduct, Your Honor. Again, I think to the extent that they're adding more detail in the district court decision, that is not sufficient. What matters is you look at the conduct, and I think that's when the UNR case, that's cited in the court of federal claims opinion. And finally, I'd like to address quickly the hypothetical, and I think it does go to some of these issues that they raised in their reply brief, of everything else was the same but that we allegedly didn't wrongfully access their software by violation of the license agreement until today as opposed to back in 2006, 2007. That hypothetical ignores the fact that the way trusted integration claims that we wrongfully developed our competing product was by wrongfully accessing a trusted agent. So if, in fact, we hadn't allegedly wrongfully accessed trusted agent back in 2006, 2007, then according to trust integrations theory, we wouldn't have developed the software, and neither of these cases would have accrued. In closing, Your Honors, I think that under John's Mansville, the distinction that this court has to keep in mind is the operative facts versus the characterization of those facts to satisfy different elements of different legal theories. While they didn't raise a license agreement, a breach of license agreement cause of action in the district court, the factual basis of the conduct was the same. For all these reasons, I respectfully request that this court affirm the decision of the Court of Federal Claims. Unless you have any further questions, I'm done. Thank you. Thank you. Vanilla. Thank you. Just a couple points. Again, the wrongful conduct in the district court action was a decision to cast trusted agent aside and have DOJ as the sole offerer to these agencies with the center of excellence offering. With respect to the breach of fiduciary duty, the argument at the district court that DOJ made was that the entire claim was based on a license agreement. Therefore, it wasn't a valid tort claim in the district court. The court did address the breach of fiduciary duty claim, and she says on page 83 over to 84, the complaint does not specify the nature of the relationship, although plaintiff argues that the two parties were engaged in a joint venture. She goes on to say, the breach of fiduciary duty plaintiff alleges also appears to be based entirely upon a breach by the government of a promise made to offer, promote, and use trusted agent's product in its FSMA solution. She doesn't say anything about the license agreement, and that's because we hadn't alleged anything about that. How do you respond to the argument, though, that because the development of the competing product is critical to both types of claims, in other words, if they didn't develop it, they wouldn't have it there to offer to someone else, that that is enough to sweep it within the operative facts? I don't believe it is. There are unique and distinct actions that were taken. There was one, which was the copying of our product, and on the other hand, it was the decision that we're not going to use trusted agent anymore. We're going to proceed with our own solution. The distinction, so there's two distinct acts there, not one combined. I think what the government's arguing is because there's a relationship between the parties, they're trying to cast a really wide swath here with Section 1500. Because of the party's relationship, anything that falls within that, it gives rise to the same operative facts such that all of the claims can be excluded, and I don't think that's the intent of 1500. It's to really look at are the same claims being tried? Is the same evidence necessary? Same discovery? Same witnesses? That would not be the case here, especially with respect to count two. Very well. Thank you. Thank you, Mr. Budden. Mr. Sweet, the case is submitted.